MATZE v. NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

*Negligence — railroad crossing unopened streets — contributory negligence — duty of railroad as to trespassers and persons with license upon track.*

Plaintiff was injured by a passing locomotive while crossing defendant's railroad track. At the place where the accident occurred a street had been laid out across the track, but had not been opened and the title to defendant's land had not been acquired. The street had been partially graded, and had been for some time used by persons going to several places. *Held*, (1) that plaintiff had no right upon the track at that place, and was guilty of negligence in being there ; (2) that the fact of other persons being in the practice of crossing at that place, no license or acquiescence by defendant being shown, imposed upon defendant no additional duty as to care in running its trains ; and (3) that even if a license should be shown, and plaintiff not a trespasser, such license would confer no legal right upon plaintiff to cross, and imposed no duty upon defendant, except that of doing those crossing no intentional wrong or injury.

EXCEPTIONS ordered to be heard in the first instance at general term.

The action was brought by Christopher Matze to recover damages for personal injuries sustained by the plaintiff by reason of the negligence of the defendant. It was tried before one of the justices of this court and a jury, at the Albany circuit, in June, 1873. The facts, so far as material, are stated in the opinion.

· At the close of the plaintiff's testimony, the defendant's counsel moved for a nonsuit upon the following grounds: *First*. No negligence has been shown on part of defendant. *Second*. The evidence shows that the plaintiff's injury was caused or contributed to by his own negligence. *Third*. The plaintiff was improperly on the track of the defendant; he was not using it for the purpose of a crossing, but was using it for his own convenience, and without the consent or permission of defendant, and cannot, therefore, maintain this action.

At the close of the whole case, the motion for nonsuit was renewed, upon the grounds stated before, and upon the further ground that it appears affirmatively that at the time of this accident the city had done nothing to throw the street open to the public, and had not graded it, and it was not in a condition to use as a street, and that the city had not at that time become entitled to cross the lands of the defendant. The judge denied the motion, and the defendant's counsel duly excepted.

The court, among other things, charged that "if persons were passing and re-passing there, going to Dederick's and to the Observatory and to the Tivoli Hollow, then it is undoubtedly true that the defendant should exercise care, as plaintiff claims," to which the defendant excepted.

The defendant's counsel asked the court to charge that this place where plaintiff was injured was not a highway. The court said: "The evidence of the city chamberlain is such that I will charge that it was not a highway." · Defendant's counsel asked the court to charge that the public had no right to use the land of the defendant at the place where plaintiff was injured. The court said: "As an abstract proposition you are right; but if they were in the habit of crossing and re-crossing upon that track, they were bound to use care and caution in running at that point." The defendant's counsel excepted to the qualification.

Defendant's counsel: "I asked the court to charge that the

plaintiff had no right to be upon defendant's track at the place where he was injured." The court said: " That is true with the qualification I have already stated." Defendant's counsel excepted to the refusal and qualification.

Defendant's counsel asked the court to charge that there is no evidence that plaintiff was using the so-called new street as a street or highway. The court declined so to charge and defendant's counsel excepted.

Defendant's counsel asked the court to charge that if plaintiff was wrongfully upon defendant's track, he cannot recover in this action. The court so charged.

Defendant's counsel: " I ask you to charge that the defendant owed no duty to plaintiff, except to do him no intentional wrong or injury under the evidence," and the court so charged.

The jury found a verdict in favor of the plaintiff for $1,000, and the court ordered that the bill of exceptions to be made, be first heard at general term.

*Louis Dreyer* and *Henry Smith*, for plaintiff.

*Matthew Hale*, for defendant.

MILLER, P. J. The plaintiff was injured while crossing the track of the defendant's railroad within the corporation limits of the city of Albany. The plaintiff was a mechanic, and upon returning home from his work on the evening of the day upon which the accident occurred, proceeded down some steps to the railroad track of defendant, walked along on the east side of the track, upon a sidewalk, and then, because it was bad, took the middle of the east track some fifty or sixty feet toward Albany, until he came to a malt house, then crossed over to the west track where two tracks came near together, and to about the middle of what was claimed to be a street, where, after looking to see if trains were approaching, he turned to look toward Schenectady when an engine came along, caught him on the left arm by the part of the machine at the side, knocked him down across the track, when the wheel ran over his left leg and cut it off. At the place where the plaintiff was injured, proceedings had been taken to lay out a street; awards had been made to the owners of the land, and all but the defendant had been paid. There was proof to show that the alleged street was being

graded, and that the teams working on it passed through. It appeared, however, that the city had not done any work in opening or grading the street, or in taking possession of the railroad over which it was located, but there was evidence that people had been in the habit of passing and re-passing on foot to and from the Observatory, and to Tivoli Hollow and Dederick's, by a foot-path.

I think the court erred in refusing the motion for a nonsuit. It is apparent that there was no highway or street laid out where the accident occurred. This was very properly, I think, assumed by the judge in his charge, as the case is entirely destitute of any evidence showing that such was the fact.

The question then arises whether the use of the defendant's land for passing and re-passing in the manner stated, was of such a character as to give the plaintiff and other parties a right which imposed upon the defendant the duty of exercising care and caution toward strangers who chose to trespass upon defendant's land. I am not aware of any legal principle upon which any such right can be upheld. The defendant had an exclusive right to the use of its track at the place where the plaintiff was injured. The plaintiff was there without any authority whatever, and was therefore guilty of negligence in being on the track at the time, which negligence contributed to the injury and should have been a ground for nonsuit.

The fact that other persons were in the practice of passing at the place named did not, of itself, confer any right upon the plaintiff or impose any additional duty upon the defendant, and the court was clearly wrong in charging to the contrary in effect. No right of the public can be acquired in such a manner, at least without evidence of notice and acquiescence afterward. If such a theory could be permitted to prevail, railroad corporations might be subjected to serious liabilities without their knowledge or consent by the action of individuals assuming to establish rights which are entirely unauthorized. I do not understand that they owe any duty even to the owner of a private right of way through which they pass, which calls upon them to exercise care in the running of their trains. Much less should it be imposed near a populous city where trespassers expose themselves to injury without license. They are not bound to look out for those who, without a particle of right, intrude upon their tracks. Such an act is unlawful and not to be expected, and it matters not whether the population be large or

small, the rule of law is unswerving and cannot be changed to meet the exigencies of varying circumstances which may attend unlawful trespassers upon their property. It is enough in this case to defeat plaintiff's action, that the plaintiff was on defendant's track without license or permission, and with no proof to show that he was invited, or that any of the defendant's officers or employees had knowledge that it was appropriated to any such use. The principle stated is fully upheld in *Phil. & R. R. R. Co.* v. *Hummell,* 44 Penn. St. 375, 379, 380. See, also, *Bush* v. *Brainard,* 1 Cow. 78.

Even if there was any evidence from which a license might be inferred, and the plaintiff was not a trespasser, such license created no legal right and imposed no duty upon the defendant, except the general duty which every man owes to others, to do them no intentional wrong or injury. *Nicholson* v. *Erie Railway Co.,* 41 N. Y. 530. The court charged in accordance with this proposition, which, of itself, I think, authorized a nonsuit.

The court was in error in the refusal to charge the various requests made by the defendant's counsel which it did not charge, and for these errors, as well as the refusal to nonsuit, a new trial must be granted, with costs to abide the event.

*New trial granted.*